Ronald E. Jodziewicz appeals his convictions and sentence for violating R.C. 2907.12, Felonious Sexual Penetration, and assigns the following errors:
ASSIGNMENT OF ERROR I
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT FOLLOWING THE SENTENCING PROCEDURES AS SET FORTH IN R.C. 2929.14."
 ASSIGNMENT OF ERROR II
 "A TRIAL COURT ERRS AS A MATTER OF LAW BY AUTOMATICALLY ENTERING A FINDING THAT A DEFENDANT IS A SEXUAL PREDATOR WITHOUT PROPERLY CONDUCTING THE HEARING REQUIRED BY R.C. [2950.09.]"
 ASSIGNMENT OF ERROR III
 "DEFENDANT'S PLEA WAS NOT ENTERED INTO VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY AS REQUIRED BY LAW."
 ASSIGNMENT OF ERROR IV
 "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING APPELLANT A SEXUAL PREDATOR WHERE THE APPLICATION OF THE SEXUAL PREDATOR CLASSIFICATION, REGISTRATION, AND NOTIFICATION REQUIREMENTS OF O.R.C. SECTION 2950.09 TO DEFENDANTS WHO COMMITTED CRIMES PRIOR TO JANUARY 1, 1997 VILATES (SIC) THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION'S PROHIBITION AGAINST RETROACTIVE LAWS."
Appellant was indicted on two counts of violating 2907.12, Felonious Sexual Penetration. In exchange for the appellee dismissing two other indictments for passing bad checks (R.C.2913.11) and rape (R.C. 2907.02), appellant pled guilty to the two charges of Felonious Sexual Penetration. The incidents underlying the charges of Felonious Sexual Penetration were alleged to have occurred between October 11, 1995 and June 30, 1996.
In his first assignment of error, appellant argues that the trial court erred by failing to make the specific findings required by R.C. 2929.14(C) and (E)(4) in order to impose maximum consecutive sentences. The specific findings requirement of R.C. 2929.14(C) and (E)(4) were added by the enactment of Am.Sub.S.B. No. 2 ("Senate Bill 2") which became effective July 1, 1996. Although appellant wasconvicted and sentenced after the effective date of Senate Bill 2, the amended sentencing provisions of the act apply exclusively to crimes committed after its effective date, July 1, 1996. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. Because appellant committed the offenses prior to the act's effective date, the trial court was not required to make any specific findings in order to impose maximum consecutive sentences. We overrule appellant's first assignment of error.
In his second assignment of error, appellant argues that the trial court erred in finding that he is a sexual predator, as defined in R.C. 2909.01(E). Just prior to sentencing, the trial court conducted a hearing to determine whether appellant was a sexual predator. R.C. 2950.09(B) requires that the trial court give an offender notice of the hearing. See State v. Cook
(1998), 83 Ohio St.3d 409. Appellee concedes that the trial court failed to properly notify appellant of the hearing on his sexual predator designation. See State v. McCane (Dec. 1, 1997), Clermont App. No. CA97-03-023, unreported (notice of sentencing hearing is not sufficient notice required by R.C.2950.09(B)). See, also, State v. Hanrahan (Mar. 5, 1998), Franklin App. No. 97APA03-394, unreported; State v. Ramsey
(Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported. We therefore sustain appellant's second assignment of error, reverse the trial court's finding that appellant is a sexual predator and remand this matter to the trial court for a new hearing on that issue.
In his third assignment of error, appellant argues that his guilty plea was not made voluntarily, intelligently, and knowingly. Specifically he argues that his attorney assured him that the sentencing judge had promised that he would receive concurrent rather than consecutive sentences.
Generally, a guilty plea constitutes a complete admission of guilt and acts as a waiver of all nonjurisdictional defects in the proceedings. See Crim.R. 11(B)(1); United States v. Broce
(1989), 488 U.S. 563, 102 L.Ed.2d 927, 109 S.Ct. 757; Menna v.New York (1975), 423 U.S. 61, 46 L.Ed.2d 195, 96 S.Ct. 241. However, a defendant may challenge whether the guilty plea was knowingly, intelligently and voluntarily made. Crim.R. 11 requires guilty pleas to be knowingly, intelligently and voluntarily made. Although strict compliance is preferred, substantial compliance with Crim.R. 11 is all that is required.State v. Stewart (1977), 51 Ohio St.2d 86. In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards. State v. Kelley (1991), 57 Ohio St.3d 127,129, State v. Carter (1979), 60 Ohio St.2d 34. In order to reverse the decision of the trial court, it must also appear that the criminal defendant was actually prejudiced by the trial court's failure to comply with Crim.R. 11. State v. Nero
(1990), 56 Ohio St.3d 106, and Crim.R. 52. We conduct our review accordingly.
In an affidavit in support of the motion to withdraw his guilty plea, appellant alleges that his attorney told him that the sentencing judge had agreed to a "Plea Bargain" in which appellant was to receive concurrent sentences if he pled guilty. The record reflects that the trial court explained all the constitutional rights appellee was entitled to, in the absence of a plea bargain, pursuant to Crim.R. 11. The court inquired as to any promises, threats, or inducements that appellee, defense attorney, prosecutor, or the court might have made in order to cause appellee to enter a plea of guilty. Furthermore, the trial court informed appellant about the differences between consecutive and concurrent sentences, the possibility of consecutive sentences being imposed, and that the trial court was not bound by any agreement made between appellant and appellee. Appellant's own self-serving declarations that his guilty plea was involuntary are insufficient to rebut a record to the contrary. See State v.Cole (1982), 2 Ohio St.3d 112. Furthermore, appellant's mistaken belief as to the consequences of his plea is not sufficient to establish that the plea was not voluntary. Statev. Sabatino (1995), 102 Ohio App.3d 483. We find no merit in appellant's argument and overrule his third assignment of error.
In his fourth assignment of error, appellant argues that the application of the sexual predator classification, registration, and notification requirements of R.C. 2950.09
violate the prohibition against ex post facto laws. Sexual predator classification, registration, and notification as applied to conduct occurring prior to the effective date of R.C. 2950.09 does not violate the Ex Post Facto Clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404,423. Accordingly we find no merit in appellant's fourth assignment of error and overrule it.
In sum we have overruled appellant's first, third and fourth assignments of error and sustained his second assignment of error. Accordingly, we affirm in part and reverse in part. This matter is remanded to the trial court for a new hearing upon proper notice to determine whether the appellant is a sexual predator.
AFFIRM IN PART AND REVERSE IN PART AND REMANDED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART AND REMANDED and Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HASBEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Abele, J. Concur in Judgment Opinion:
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.