OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, and the briefs.
Appellant contends the trial court erred when it accepted his guilty plea and when it denied appellant's subsequent motion to withdraw his guilty plea and that his counsel was ineffective. Since the record indicates appellant voluntarily and knowingly entered his plea, the trial court conducted a hearing and properly denied appellant's motion to withdraw his plea, and appellant's counsel was not ineffective, we affirm.
Appellant was indicted on two counts of aggravated robbery in violation of R.C. 2911.01 with both a one-year firearm specification and a three-year firearm specification, one count of possession of drugs in violation of R.C. 2925.11 with a firearm specification, one count of carrying a concealed weapon in violation of R.C. 2923.12, and one count of receiving stolen property in violation of R.C. 2913.51.
On July 28, 1998, prior to the commencement of trial, appellant appeared before the trial court with Bernadita Rojas, a translator employed by appellant's attorney. The state offered a plea arrangement to appellant whereby appellant would plead guilty to the two counts of aggravated robbery with a one-year gun specification and an agreed-upon five-year sentence, with full credit awarded for time served. The remaining counts would be nolled.
Appellant, through his translator, accepted the state's plea agreement; the trial court set appellant's sentencing hearing for September 8, 1998. On September 8, 1998, appellant again appeared before the court with his interpreter. Appellant addressed the court and stated that he wished to withdraw his plea of guilty. The trial court therefore remanded appellant.
The trial court conducted an additional hearing on September 16, 1998. At the hearing, appellant's attorney requested that appellant be permitted to withdraw his guilty plea because "he didn't feel right pleading to something that he did not do, irrespective of any agreement and the possible time that he may get as a result of going to trial and losing, if he should lose." The trial judge reviewed the matter and concluded that appellant had entered his plea "voluntarily, intelligently, knowingly and in compliance with Criminal Rule 11, with the assistance of counsel, and with the assistance of a translator * * *." The trial court denied appellant's motion to withdraw his plea.
Appellant timely appealed the trial court's ruling.
Appellant's first assignment of error states:
 APPELLANT'S PLEA OF GUILTY WAS NOT KNOWING AND VOLUNTARILY MADE AND DID NOT CONFORM TO THE REQUIREMENTS OF CRIMINAL RULE 11.
Crim.R. 11 (C) (2) provides:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
When an appellate court is reviewing a plea submitted by a defendant, the focus should be on whether the dictates of Crim.R. 11 have been followed. State v. Kelly (1991), 57 Ohio St.3d 127,128. It is the duty of the appellate court to ascertain whether the defendant voluntarily and knowingly waived his constitutional rights. Id.
Appellant does not contend that the trial court did not comply with the rule; rather, it is appellant's position that because the court's statements were made through an interpreter, it is unclear what was said to appellant.
Appellant's argument lacks merit. First of all, the following occurred at the hearing:
MR. FISHER [Prosecutor]:
 We would just ask the defendant to waive any defect with the fact that he does not have any court-appointed translator, but rather provided his own translator?
MR. WADE [defense counsel]:
We'll waive that, Judge.
Additionally, in State v. Pina (1975), 49 Ohio App.2d 394, 398, the court established the following guidelines relating to the use of interpreters:
 If a witness does not understand English, an interpreter will be sworn to interpret the oath to him and his testimony to the court. 56 Ohio Jurisprudence 2d 516, Witnesses, Section 86; 172 A.L.R. 923. An interpreter is considered and must be sworn as any other witness. While the manner of eliciting the testimony of the witness through an interpreter is within the discretion of the trial court, the proper method is not to address the question to the interpreter but to the witness. The question is then repeated by the interpreter without any remarks of his own, and the answers must be repeated literally by the interpreter in the first person. The interpreter should give the answer, and the whole answer of the witness, adding nothing to it. 58 American Jurisprudence 309, Witnesses, Section 556. The interpreter as well as the witness is subject to cross-examination on the terms and expressions used. 58 American Jurisprudence 365, Witnesses, Section 662. To the same effect is 98 Corpus Juris Secundum 27, Witnesses, Section 326.
At the hearing on July 28, appellant acknowledged to the court that he spoke English "a little bit" and that he understood what Ms. Rojas said to him. The record indicates that Ms. Rojas was sworn in to interpret the proceedings. Moreover, Ms. Rojas translated appellant's responses to the court without any extraneous remarks.
The transcript reveals that the court complied scrupulously with the mandates of Crim.R. 11 (C) (2), and there is no evidence to indicate that the interpreter did not properly translate the proceedings. The court correctly utilized the services of an interpreter as outlined in Pina, supra. See, also, State v. Mejia
(Sep. 3, 1998) Cuyahoga App. No. 72716, unreported.
Appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
The Ohio Supreme Court devised a two-step process that should be employed when a court considers an allegation of ineffective assistance of counsel. State v. Nicholas (1993), 66 Ohio St.3d 431.citing State v. Bradley (1989), 42 Ohio St.3d 136, 141-142.
 First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910 [98 S.Ct. 3135, 57 L.Ed.2d 11541
Id.
Following its acceptance of appellant's guilty plea, the court continued the matter until September 8, 1998 for sentencing. On September 8, the following exchange occurred:
 MR. WADE: I think Mr. Jiminez has something he would like to state to the Court about this situation, where he had problems, he says, and was caught up in this situation and a lot of circumstances that appeared to be worse than they really were
THE COURT: Mr. Jiminez?
 INTERPRETER: I don't want to be — I would like to withdraw my plea of guilty; withdraw my plea.
 THE COURT: Mr. Wade, do you want a chance to talk to your client?
 MR. WADE: Yes, I can talk to him, Judge, but he indicated that to me when he first came out; and, under these circumstances, I would like the Court to know what he relayed to me, as it relates to the plea: We did discuss the plea in great detail, prior to his entering the plea, and part of the reason that the matter was referred to the Probation Department was so that he could have the time — shorten the time that he would have to go the penitentiary —
 THE COURT: The agreement, as I recall, was to spare the defendant from doing approximately, 15 years; is that right?
 MR. WADE: When it was computed out, it was a little more than that, Judge. Judge, when we sat down and figured it out, it was in the twenties. There's a couple of counts that were separate, and were to be sentenced differently, when we computed it, but if he wants to withdraw the plea, it's all right, if the Court says so, and we'll proceed then. If the Court says he can withdraw, he'll run the risk, if he is convicted.
 THE COURT: What is your desire this morning, Mr. Jiminez?
 INTERPRETER: Why do I want to plead guilty for something I didn't —
THE COURT: Pardon me?
 INTERPRETER: — how am I going to plead guilty for something I didn't do?
 THE COURT: The defendant will be remanded at this time. Thank you.
Appellant argues his counsel was ineffective because he ignored his client's protestations of innocence and was advocating for the preservation of the plea.
Appellant's attorney did not render ineffective assistance. The record reveals that the plea agreement, including a sentence of only five years, would be beneficial to appellant. Appellant risked receiving a greatly increased sentence if he proceeded to trial and was found guilty. An attorney's strategic decisions do not support a claim of ineffective assistance of counsel. Statev. Clayton (1980), 62 Ohio St.2d 45, 48-49.
Moreover, the record does not support appellant's contention that his attorney ignored his wishes. The attorney informed the court of appellant's position. The trial court proceeded to remand appellant and to schedule an additional hearing to consider appellant's request that his plea be withdrawn.
Appellant's second assignment of error is overruled.
Appellant's third assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A SENTENCE OF INCARCERATION OF APPELLANT WAS CONSISTENT WITH THE PURPOSES OF OHIO REVISED CODE, SECTION 2929.11.
Appellant next contends that the trial court erred when it sentenced appellant on a plea that was not knowingly entered. As discussed above, the trial court fully complied with Crim.R. 11 (C) (2); thus, appellant's plea was proper and his subsequent sentencing was also correct.
Moreover, the purposes of felony sentencing, pursuant to R.C.2929.11, are "to protect the public from future crime by the offender and others and to punish the offender." Appellant pled guilty to aggravated robbery, a first degree felony. His sentence certainly complies with the purposes as set out in the statute.
Appellant's third assignment of error is overruled.
Appellant's final assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE PLEA.
Crim.R. 32.1 permits a motion to withdraw a plea of guilty or no contest before sentence is imposed. On September 16, 1998, appellant appeared with his attorney to request that he be allowed to withdraw his guilty plea. The basis for appellant's position, according to his attorney, was that "[h]e said he didn't do it. And after he thought about it for a long time, he didn't feel right pleading to * * *."
The court then found that, based upon its review of appellant's pre-sentence report and the court's compliance with Crim.R. 11 (C) (2) before accepting appellant's guilty plea, appellant's motion to withdraw his plea should be denied.
Whether to grant or deny a presentence motion to withdraw a guilty plea is a decision within the sound discretion of the trial court. State v. Sabatino (1995), 102 Ohio App.3d 483, 487,citing State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. Sabatino,citing Xie at 526, quoting State v. Peterseim (1980), 68 Ohio App.2d 211,213-214.
Moreover, the court in State v. Rosemark (1996), 116 Ohio App.3d 306,308, citing Peterseim, supra, noted that when a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering a plea, and (3) is given a hearing on a motion to withdraw during which the court considers the defendant's arguments in support of the motion, there is no abuse of discretion when a trial court denies a defendant's motion to withdraw a guilty plea.
The record reveals that the trial court conducted a hearing on appellant's motion, appellant was represented by counsel and also personally addressed the court, and the trial court fully complied with Crim.R. 11 (C) prior to accepting appellant's plea. The trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.
Appellant's final assignment of error is overruled.
This cause is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ DIANE KARPINSKI, PRESIDING JUDGE DISSENTS (See separate opinion.)
 ___________________________________ KENNETH A. ROCCO, JUDGE CONCURS WITH ORIGINAL OPINION
 ___________________________________ MICHAEL J. CORRIGAN, JUDGE CONCURS WITH ORIGINAL OPINION