The STATE of Ohio, Appellee,

v.

SABATINO, Appellant.

[Cite as *State v. Sabatino* (1995), 102 Ohio App.3d 483.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66921.

Decided April 10, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Dawn Kelly Mobley,* Assistant Prosecuting Attorney, for appellee.

*Charles H. Bragg,* for appellant.

DONALD C. NUGENT, Judge.

Defendant-appellant, Paul Sabatino, duly appeals a judgment of conviction from the Cuyahoga County Court of Common Pleas stemming from a guilty plea to Count One of the indictment, grand theft, a violation of R.C. 2913.02.

The record before this court reveals that on November 1, 1993, appellant withdrew a previously entered not guilty plea to grand theft and uttering (R.C. 2913.31) and entered a guilty plea to grand theft. In response, the prosecution nolled Count Two of the indictment charging appellant with uttering. Following the taking of appellant's guilty plea, the trial court referred appellant to the county probation department and set the sentencing date for December 8, 1993. Sentencing was reset for December 16, 1993, at which time appellant sought to

withdraw his previously entered guilty plea. At the hearing, appellant's counsel spoke on appellant's behalf:

"MR. McCLELLAN: It has come to my attention that Mr. Sabatino, who originally plead guilty to one count of theft in this case back on November 1st, now wishes to withdraw that plea, maintaining that his original desire to plead guilty was somewhat based on the fact that he was able to maintain employment and had a job that he needed and enjoyed.

"He has, as a result of his conviction in this case, lost that job.

"Feeling that his reasons for entering a plea in this case are no longer existent, he is desirous of withdrawing that plea."

Appellant explained further:

"DEFENDANT: Well, like I told the probation officer that I was dealing with, I wanted to make an effort back on November 1st to try to pay back some money.

"I was—had a good job, and I thought that—I know that there's money I know for sure that I spent, and I know there's some that I know for sure I didn't, but I want today to make a good effort to do something on my family's behalf.

"I do work through the union, and I am sure they could put me on another job, even though I missed a great one because of this, and I might be able to go back to work next month, next week.

"I don't know until I go down there, but like I told my attorney, I would like to try to make an effort to do something here, restitution wise."

Based on the foregoing, the trial court overruled appellant's motion to withdraw his previously entered guilty plea. The trial court then sentenced appellant to a term of incarceration of two years, suspended, and placed him on five years' probation and ordered him to pay restitution of $57,000 to Society National Bank.

This appeal follows, wherein appellant raises the following assignments of error:

"I. The appellant's guilty plea was not knowingly, voluntarily made since the appellant based his plea on the fact that he would still have his job after his conviction.

"II. The trial court abused its discretion in not vacating the appellant's guilty plea in light of the fact that the plea was not made knowingly or intelligently."

In appellant's first assignment of error, appellant argues that his guilty plea was not knowingly and voluntarily made since, it is argued, appellant based his plea on the belief that he would still be employed after his conviction. In order for a guilty plea to be entered knowingly and voluntarily, a defendant must

be informed that he is waiving critical constitutional rights. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115; *State v. Gibson* (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990, 991–992. Crim.R. 11(C) was enacted to facilitate a more accurate determination that a defendant entering a plea of guilty does so voluntarily and with the understanding that he is waiving those constitutional rights. *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474; *State v. Jackson* (Mar. 25, 1993), Cuyahoga App. No. 62242, unreported, 1993 WL 87691. Moreover, a judgment of conviction will not be disturbed by a reviewing court where the trial court substantially complied with the mandate of Crim.R. 11 before accepting a defendant's guilty plea. *Nero, supra; State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163.

In the present case, it is not contended that the trial court failed to comply with the mandates of Crim.R. 11(C). The record before this court clearly demonstrates that appellant was informed of the nature of the charge and of the maximum penalty, that appellant understood the effect of his guilty plea, and that appellant waived his constitutional rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. In sum, the trial court fully complied with the mandates of Crim.R. 11(C).

 Nonetheless, appellant argues his guilty plea was not knowingly and voluntarily entered due to the mistaken belief that he would retain his current employment and, therefore, be able to make restitution. However, it is well established that a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made. Cf. *State v. Bowie* (July 11, 1991), Cuyahoga App. No. 58810, unreported, 1991 WL 125341; *State v. Drake* (1991), 73 Ohio App.3d 640, 598 N.E.2d 115; *State v. Lambros* (1988), 44 Ohio App.3d 102, 541 N.E.2d 632; and *State v. Pavlos* (Apr. 28, 1988), Cuyahoga App. No. 53772, unreported, 1988 WL 39320. In each of the cited cases, this court affirmed the trial court's judgment overruling presentence motions to vacate guilty pleas where it was contended that the defendants' mistaken belief of the consequences of their guilty pleas was the result of some misrepresentation by the prosecution or the defense counsel. In the present case, appellant's mistaken belief that he would be able to retain his employment once he was convicted was the result of his own miscalculation and had no impact on whether he knowingly and voluntarily entered a guilty plea to grant theft.

Appellant's first assignment of error is, therefore, overruled.

Next, appellant argues, through his second assignment of error, that the trial court abused its discretion in overruling appellant's presentence motion to vacate his guilty plea. Again, appellant claims his guilty plea was not knowingly or intelligently entered in light of his mistaken belief that he would be able to retain his employment and, thereby, make restitution.

Crim.R. 32.1 provides:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Prior to sentencing, a properly made motion to withdraw a guilty plea should be freely allowed and treated liberally. *Eastlake v. DeNiro* (1984), 21 Ohio App.3d 102, 21 OBR 109, 487 N.E.2d 324; *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Id.*

Moreover, the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *Id.,* paragraph two of the syllabus. Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. *Id.* at 526, 584 N.E.2d at 719, quoting *Peterseim, supra,* 68 Ohio App.2d at 213–214, 22 O.O.3d at 343, 428 N.E.2d at 865.

We have already established that a mistaken belief as to the consequences of a guilty plea is insufficient to withdraw such plea. *Bowie, supra;* see, also, *State v. Nunns* (Oct. 24, 1989), Montgomery App. No. CA–11570, unreported 1989 WL 126875 ("In our judgment, due process of law did not require the trial judge to know the possible ramifications of Nunn's conviction under Illinois law and to so advise Nunns."). We further point out that appellant was not entirely certain as to what consequences he faced as a result of his conviction. While it appears that appellant did lose his job, appellant represented that he was sure his union could place him in another job.

Therefore, we conclude that the trial court did not abuse its discretion in overruling appellant's presentence motion to withdraw his guilty plea. The

record before this court reveals that appellant failed to articulate a reasonable and legitimate basis for the withdrawal of his plea.

Appellant's second assignment of error is overruled.

*Judgment affirmed.*

HARPER, P.J., and O'DONNELL, J., concur.