OPINION
Defendant-appellant, Dale G. Becker, appeals from an order denying a motion to withdraw his guilty plea. We affirm.
On July 11, 1991, appellant was indicted by a Clermont County Grand Jury and charged with public indecency, importuning, gross sexual imposition, and rape. Appellant entered into plea negotiations with the state and agreed to plead guilty to the gross sexual imposition charge contained in the indictment. In addition, appellant agreed to plead guilty to a charge of sexual battery, a lesser included offense of rape. In return, the state agreed to drop the public indecency, importuning, and rape charges. Appellant entered his guilty plea at a hearing conducted on September 23, 1991.
During this hearing, the prosecutor gave a detailed account of the facts surrounding the gross sexual imposition and sexual battery offenses. The prosecutor stated that the gross sexual imposition offense resulted from sexual contact appellant had with a thirteen-year-old victim on the afternoon of July 2, 1991 in the basement of a residence. The prosecutor further stated that the sexual battery offense resulted from sexual contact appellant had with the same victim on July 2 at 7:00 p.m. in a wooded area near the residence where the gross sexual imposition offense had occurred. After the prosecutor provided the court with this summary, appellant acknowledged that the facts recited by the prosecutor were accurate.
The trial court sentenced appellant to four to ten years' imprisonment for the sexual battery offense and imposed a consecutive sentence of four to ten years for the gross sexual imposition offense. After appellant filed a motion for postconviction relief on February 6, 1996, the trial court determined that appellant had received an improper sentence for his gross sexual imposition conviction. Therefore, on March 26, 1996, the trial court vacated the original sentence for gross sexual imposition and imposed a new sentence of three to five years' imprisonment. As was the case with the vacated sentence, the new sentence was made to run consecutively to the sentence for sexual battery.
On May 1, 1996, appellant filed a motion to withdraw the guilty plea to gross sexual imposition and sexual battery that he entered on September 23, 1991. The trial court overruled appellant's motion on June 17, 1996, finding that the court complied with Crim.R. 11 and appellant had failed to show that manifest injustice would result if he was not allowed to withdraw his plea. On appeal, appellant raises two assignments of error.
In his first assignment of error, appellant argues that the trial court erred in denying his motion because his guilty plea was the product of ineffective assistance of counsel. A guilty plea may be withdrawn and a judgment of conviction set aside after sentencing only to correct manifest injustice. Crim.R. 32.1. A defendant seeking to withdraw a plea of guilty after sentencing has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The term "manifest injustice" is subject to various definitions, but it is clear that under such a standard, a postsentence withdrawal motion is allowable only in extraordinary cases. Smith at 264.
The Ohio Supreme Court has stated that the decision of a trial court to allow or deny the withdrawal of a guilty plea after sentencing lies in the sound discretion of that court, and the good faith, credibility, and weight to be accorded the movant's assertions in support of the motion are matters to be resolved by that court. Smith at paragraph two of the syllabus; State v. Sizemore (Nov. 3, 1986), Warren App. No. CA86-02-015, unreported. An appellate court's review of a trial court's denial of a motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984), 17 Ohio App.3d 201; State v. McKinney (July 20, 1987), Butler App. No. CA86-10-143, unreported.
Appellant claims that manifest injustice exists in the present case because his guilty plea was the product of ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, a defendant must show (1) a substantial breach of an essential duty by counsel, and (2) resulting prejudice. State v. Bradley (1989), 42 Ohio St.3d 136,141-142. In the context of a guilty plea challenge, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52,106 S.Ct. 366, 370; State v. George (Mar. 13, 1989), Clinton County App. No. CA88-06-010, unreported.
The record supports the trial court's denial of appellant's motion. Appellant waited nearly five years to raise his claim of ineffective assistance of counsel. This undue and unexplained delay between the alleged ineffective assistance of counsel and filing of the motion is a factor adversely affecting the credibility of appellant's allegations and weighs against granting the motion. See Smith at paragraph three of the syllabus. Moreover, appellant's allegation that his guilty plea was the product of ineffective assistance of counsel is not supported by evidence in the record or other supporting materials.
Appellant alleges that his guilty plea was the product of ineffective assistance of counsel because he was never informed that force was an element of his gross sexual imposition offense. However, the transcript of the hearing where appellant entered his guilty plea shows that the prosecutor specifically stated that the sexual imposition charge involved force or the threat of force. After the prosecutor made this statement, appellant was provided an opportunity to make objections but failed to do so. Moreover, appellant informed the trial court that he had read the indictment brought against him and discussed the offenses with his attorney. The indictment also contained specific language disclosing that the gross sexual imposition offense involved force or the threat of force. Therefore, contrary to the assertions of appellant, the evidence in the record supports a finding that appellant was informed on several occasions that force was an element of the gross sexual imposition offense.
Appellant also argues that he received ineffective assistance of counsel because he was never informed that his motion to suppress would be waived by his guilty plea. Once again, appellant's allegations are not supported by the record. At the hearing where appellant entered his plea, appellant's counsel indicated that she had discussed the waiver of the motion to suppress with appellant and wished to withdraw the motion as a result of the plea agreement. Appellant was present and apparently heard this statement without objecting. Further, appellant stated to the trial court that he understood and talked to his counsel about the matters that would be waived as a result of his guilty plea. Thus, the evidence supports the trial court's determination.
Appellant further argues that his counsel failed to assert that his gross sexual imposition and sexual battery offenses were allied offenses under R.C. 2941.25. However, the prosecutor's statement of facts at appellant's plea hearing reveals that the sexual battery offense and gross sexual imposition offense resulted from distinct sexual conduct that occurred at separate locations during different times of the day. Thus, the multiple crimes for which appellant was convicted did not constitute allied offenses under R.C. 2941.25, and appellant's counsel was not ineffective for refusing to assert this defense. See State v. Nicholas (1993), 66 Ohio St.3d 431.
In short, the record does not support appellant's allegation that his guilty plea was the product of ineffective assistance of counsel. Therefore, appellant has failed to show that the withdrawal of his guilty plea is necessary to correct manifest injustice, and the trial court did not abuse its discretion by denying appellant's motion. Appellant's first assignment of error is without merit and is accordingly overruled.
In his second assignment of error, appellant alleges that his guilty plea was not made knowingly, intelligently, and voluntarily because it was based upon a misrepresentation of the facts. In order for a guilty plea to be entered knowingly and voluntarily, a defendant must be informed that he is waiving critical constitutional rights. Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709. Ohio Crim.R. 11 was enacted to facilitate a more accurate determination that a defendant entering a plea of guilty does so knowingly, intelligently, and voluntarily. State v. Ballard (1981), 66 Ohio St.2d 473; State v. Sabatino (1995), 102 Ohio App.3d 483.
Appellant does not dispute that the trial court fully complied with Crim.R. 11 and informed him of all of his constitutional rights. Instead, appellant claims that compliance with Crim.R. 11 was not sufficient because his guilty plea was based upon a misrepresentation of the facts. A review of the record reveals that the trial court thoroughly addressed and questioned appellant and appellant's counsel to determine that appellant's guilty plea was made knowingly, intelligently, and voluntarily. Moreover, the trial court gave appellant every opportunity to voice his disapproval of the facts presented to the court. Finally, appellant has failed to point to any facts in the record or provide documentary evidence to support his claims that his attorney misrepresented the facts to him. Under these circumstances, the record supports the trial court's finding that appellant made his guilty plea knowingly, intelligently, and voluntarily. See State v. George (Mar. 13, 1989), Butler County App. No. CA88-06-010, unreported. See, also, State v. Blankenship (Nov. 4, 1996), Butler County App. No. CA96-05-098, unreported. Appellant's second assignment of error is accordingly overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.