OPINION
This timely appeal arises from a decision of the Belmont County Court of Common Pleas denying Appellant's post-sentencing motion to withdraw his guilty plea to a charge of felonious assault entered into pursuant to a plea agreement with the prosecution. For the reasons that follow, this Court affirms the decision of the trial court.
On September 16, 1997, Daniel Grant ("Appellant"), while an inmate at the Belmont Correctional Institution, approached a fellow inmate, Yvez Leflore, with a container of a hot liquid believed to be a mixture of baby-oil and sugar which was heated in a microwave oven. As a result of a dispute between the two men, Appellant threw the heated concoction at Leflore's face resulting in serious burns about Leflore's face, shoulders and arms. (Bill of Particulars)
Appellant was indicted for felonious assault, a second degree felony. The indictment also contained a repeat violent offender specification. On October 30, 1997, Assistant Prosecutor, Kevin Flanagan, sent a letter to Appellant's public defender which stated:
 "In response to your inquiry as far as a possibility of a plea in State v. Grant, the State of Ohio is not opposed to standing silent as to a particular sentence. However, the State would ask that the Court make a finding that the defendant is a repeat violent offender and impose additional jail time pursuant to the specification.
 "Obviously, the State Prison Officials and the victim may want to speak through a victim impact statement. This being the case, I would be in no position to not allow them to do so. As I have previously stated, though, I will leave any sentencing to the court."
(Appellant's Motion to Withdraw Guilty Plea, Appendix A).
After this letter was written, more plea negotiations took place which resulted in the prosecution agreeing to remove the repeat violent offender specification in return for Appellant's guilty plea. The plea agreement, which memorialized the parties' understanding, was signed on January 12, 1998 and stated that the minimum possible prison sentence was two years and the maximum term of imprisonment would be eight years. (Plea Agreement).
In accordance with the plea agreement, the State declared the repeat violent offender specification nolle prosequi. The trial court accepted Appellant's guilty plea and ordered a presentence investigation and a victim impact statement from the Department of Probation. The sentencing hearing was held on February 9, 1998.
At the hearing, the prosecution stood silent as the court sentenced Appellant to seven years in prison to be served consecutively to the prison sentence he was already serving. The court noted that a consecutive sentence was necessary to protect the public from future crimes by Appellant and to punish him for the serious nature of the crime to which he pled guilty. (Journal Entry, February 11, 1998).
On July 27, 1998, Appellant filed a pro se Motion to Withdraw Guilty Plea which was based on three grounds: (1) the trial court rendered a sentence based on the same facts it would have considered under the repeat violent offender specification; (2) the plea agreement was ambiguous as to the potential for the imposition of a consecutive sentence; and, (3) the victim impact statement operated as a breach of the prosecution's promise to stand silent during the sentencing. On August 24, 1998, the trial court overruled Appellant's motion and stated that, "The court finds that the prosecution did remain silent at sentencing. Presentence investigation was requested by the court and not the prosecution." (Docket Entry, August 24, 1998)
It is this decision of the trial court which forms the basis for the present appeal. Appellant's pro se brief asserts one assignment of error which argues:
 "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE PROSECUTION STOOD SILENT AT SENTENCING, AND IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA, WHERE THE RECORD AFFIRMATIVELY DEMONSTRATES THAT THE PROSECUTION FAILED TO MAINTAIN SPECIFIC PERFORMANCE OF THE PLEA AGREEMENT, RESULTING IN THE DENIAL OF DUE PROCESS TO APPELLANT, AS GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS."
In this assignment of error, Appellant argues that the prosecution did not stand silent as the plea agreement required and that the sentence ultimately imposed by the trial court was more severe than he anticipated. As this argument implicates two related yet distinct issues, they shall be addressed separately.
1. Prosecution's Promise to Stand Silent.
Appellant's claim that the prosecution breached its promise to stand silent is based solely on the victim impact statement submitted prior to sentencing. Appellant suggests that the victim in this case was, for all practical purposes, the prosecution's client and that permitting the victim to make a statement operated as a means to allow the circumvention of the prosecution's promise to remain silent.
Appellant's argument demonstrates a fundamental misunderstanding of the nature of a victim impact statement. R.C. § 2947.051 requires the court to order a victim impact statement in felony cases where the defendant caused, attempted or threatened to cause, or created a risk of physical harm. As such, the preparation of the victim impact statement in this case was statutorily mandated and had no relation to any obligations on the part of the prosecution to remain silent during sentencing pursuant to the plea agreement. Appellant's assertion to the contrary lacks merit.
2. Severity of Sentence.
Appellant next argues that the trial court erred by denying his motion to withdraw his guilty plea because the sentence that was imposed was more severe than he anticipated. Appellant suggests that it was error for the trial court to consider his prior criminal record for sentencing purposes and that a term of imprisonment one year shorter than the maximum allowable prison term to run consecutively to the sentence he was already serving violated the "spirit" of the plea agreement.
Because Appellant's motion to withdraw his guilty plea was filed after sentence was imposed, Appellant has the burden of demonstrating the existence of manifest injustice. State v.Carabello (1985), 17 Ohio St.3d 66, 67; State v. Smith (1977),49 Ohio St.2d 261, 264. This is to, "avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." State v. Smith (1977), 49 Ohio St.2d 261, 264. The mere fact that the defendant was mistaken concerning the penalty to be imposed does not rise to the level of manifest injustice. State v. Sabatino (1995), 102 Ohio App.3d 483; Statev. Grigsby (1992), 80 Ohio App.3d 291. This is true even when the defendant's mistake is the result of reliance on, "ill-informed predictions [by] trial counsel about the sentence likely to be imposed." State v. Goodballet (Sept. 1, 1998), Columbia App. No. 97-CO-17, unreported.
This Court reviews the trial court's disposition of a motion to withdraw a guilty plea under the abuse of discretion standard.State v. Stumpf (1987), 32 Ohio St.3d 95, 104. As such, the decision of the trial court in overruling Appellant's motion to withdraw his guilty plea will not be reversed absent an abuse of that discretion. An abuse of discretion is, "more than an error of law-or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Appellant suggests that, since the repeat violent offender specification was dropped pursuant to the plea agreement, it was error for the trial court to consider his past criminal history when determining the appropriate sentence to be imposed. This argument must fail as there is a statutory difference between a determination that is a repeat violent offender and basing sentencing upon the fact that recidivism is likely.
R.C. § 2941.149 provides that if a defendant is indicted on a repeat violent offender specification, the trial court must determine that issue. If the court does determine that the defendant is a repeat violent offender, then the longest allowable term of imprisonment may be imposed. R.C. § 2929.14 (D) (2) (a). This statutory provision then further codifies the other consequences of such a determination.
When the trial court found that Appellant was likely to repeat his crime, it did not base that finding on the factors contained in R.C. § 2929.01 (E), which defines a repeat violent offender. Rather, the court was utilizing the seriousness and recidivism factors which is relevant to all criminal defendants pursuant to R.C. § 2929.12. (Journal Entry, February 11, 1998). Moreover, R.C. § 2947.06 permits the court to request a presentence investigation to aid in the sentencing process. When a court orders a presentence investigation, the defendant's criminal history should be included. Crim.R. 32.2.
Appellant next argues that the content of the plea agreement demonstrates that he was led to believe that his sentence would not run consecutively with the sentence he was already serving. Our review of the, plea agreement reveals no support for such a belief.
The relevant portion of the plea agreement states:
 "I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:
STATE WILL APPROVE REMOVAL OF REPEAT OFFENDER SPEC.
(STAND SILENT)" [Deletion in the original.]
The agreement went on to inform Appellant that he could be sentenced to a term of imprisonment anywhere from two to eight years. Appellant attaches significance to the portion of the plea agreement which is crossed out. This Court, however, does not. It is clear that the language prior to being deleted meant that the prosecution would not seek consecutive sentences; it would stand silent at the time of sentencing. This is precisely what occurred. Crossing the original language out and inserting the actual phrase, "stand silent, " below it served merely to rephrase the operative element of the plea agreement: that the prosecution would stand silent during sentencing. Appellant's subjective expectation that the sentence would run concurrently with the sentence he was already serving is unsupported by the record and is not sufficient to rise to the level of manifest injustice.
Our review of the record before us reveals that the trial court meticulously followed the requirements of Crim.R. 11 when accepting Appellant's guilty plea, that the plea agreement is not reasonably susceptible to the interpretation Appellant advances and that the prosecution stood silent at the time of sentencing as required by the plea agreement. As such, we cannot say that the trial court abused its discretion when it determined that no manifest injustice had been visited upon Appellant when overruling Appellant's motion to withdraw his guilty plea. Accordingly, Appellant's sole assignment of error is overruled and the judgment of the Belmont County Court of Common Pleas is hereby affirmed.
COX, P.J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 __________________________________ CHERYL L. WAITE, JUDGE