OPINION
Defendant-appellant, Michael Hamblin, appeals his conviction in the Butler County Court of Common Pleas for gross sexual imposition ("GSI"). The decision of the trial court is affirmed.
Appellant was indicted on one count of GSI on January 19, 2000. Appellant entered a plea of not guilty and the case was set for trial. On March 22, 2000, appellant failed to appear for trial, and he was subsequently arrested. Appellant pled guilty to the GSI charge on April 14, 2000. After entering his plea, appellant failed to follow the trial court's instructions to stay to take a drug test. Appellant was arrested for failing to follow an order of the trial court. On June 7, 2000, the day of sentencing, appellant filed a motion to withdraw his guilty plea. The trial court overruled appellant's motion to withdraw his guilty plea and sentenced appellant accordingly. Appellant appeals, raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIM TO WITHDRAW HIS PLEA OF GUILTY.
 The Supreme Court of Ohio has held that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. Where a defendant files a motion to withdraw a guilty plea, the trial court must conduct a hearing and determine "whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at 527. The decision to grant or deny a pre-sentence motion to withdraw a guilty plea rests within the trial court's discretion. Id. at paragraph two of the syllabus. A reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at 525, quoting State v. Smith
(1977), 49 Ohio St.2d 261, 264. Absent an abuse of discretion, the trial court's decision to grant or deny a motion to withdraw a guilty plea shall be affirmed. Id. at 527. An abuse of discretion implies that the trial court's ruling was "unreasonable, arbitrary, or unconscionable." Id., quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
When determining whether to grant a motion to withdraw a guilty plea, a trial court should consider whether prejudice to the prosecution might result. State v. Fish (1995), 104 Ohio App.3d 236, 239-40. Appellant's motion to withdraw his guilty plea was not filed until six months after the alleged GSI occurred. The state argues that granting appellant's motion to withdraw his guilty plea would have prejudiced its case, which rests primarily upon the testimony of the victim, appellant's six-year-old niece. The state claims that the young girl's memory of what happened would have diminished during this six-month period. We agree that the prosecution's case would likely have been prejudiced if the trial court accepted appellant's motion to withdraw his guilty plea.
In addition to prejudice to the prosecution, several other factors should be weighed in considering a pre-sentence motion to withdraw a guilty plea, including: (1) whether the defendant is represented by highly competent counsel, (2) whether the defendant's plea hearing conformed to Crim.R. 11, (3) whether a full hearing was held on the motion, (4) whether the trial court fully and fairly considered the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion provides specific reasons for the desire to withdraw the guilty plea, (7) whether the accused understood the nature of the charges and potential penalties, and (8) whether the accused was perhaps not guilty of or had a complete defense to the charge. Fish,104 Ohio App.3d 236 at 240.
It appears that appellant was competently represented at his plea hearing. When appellant expressed dissatisfaction with his first attorney before his plea hearing, the trial court arranged for a second appointment of counsel for the plea hearing. At the plea hearing, the trial judge asked appellant if he was satisfied with his attorney's advice, and appellant responded affirmatively.
A plea hearing was must be conducted in accordance with Crim.R. 11.[1]
At appellant's plea hearing, the trial judge informed appellant of the nature of the charge against him and the maximum penalty that appellant might receive for this charge. The trial judge explained that by entering a guilty plea, appellant would be giving up his right to a jury trial. The trial judge enumerated the specific constitutional rights that appellant would forfeit by forgoing a jury trial. Appellant stated that he was knowingly, intelligently, and voluntarily giving up his rights. Appellant's plea hearing followed the guidelines of Crim.R. 11.
The trial court conducted a hearing on appellant's motion to withdraw his guilty plea and fully considered the motion. Although the motion did not provide particular reasons explaining why appellant wanted to withdraw his guilty plea, both defense counsel and appellant articulated arguments in support of the motion to withdraw. Defense counsel and appellant maintained that appellant was innocent of the charge against him and that when appellant pled guilty, he did not realize the full ramifications of his action, as he was in a very upset emotional state. Appellant further explained, "I just would really like to take this to trial. I think I have better chances." Although appellant insists that the trial court, upon hearing these arguments, should have granted his motion to withdraw his guilty plea, we disagree.
Appellant's arguments to the trial court indicate that appellant had re-evaluated his options and had a change of heart. A defendant who has a change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes that an unexpected sentence may be imposed. State v. Lambros (1988), 44 Ohio App.3d 102, 103. See, also, State v. Sabatino (1995), 102 Ohio App.3d 483, 487.
Nor does it seem that appellant is innocent or has a complete defense to the charge. Appellant gave an interview with a detective, explaining sexual acts that occurred between himself and his six-year-old niece. Moreover, a psychologist report based upon interviews with appellant's niece concludes that appellant sexually abused his niece.
The trial judge denied appellant's motion to withdraw his guilty plea "based upon the totality of the facts in this particular case," and noted that appellant's motion was "an attempt to avoid having to face sentencing in this particular case." We note that besides filing a motion to withdraw his guilty plea, appellant made other attempts to avoid unpleasant circumstances during the course of this case. Appellant failed to appear for his March 22, 2000 trial date, and he failed to follow the trial court's instructions to stay to take a drug test after entering his guilty plea.
Considering the totality of the circumstances and the specific factors enumerated in Fish, we find that the trial court did not abuse its discretion by denying appellant's motion to withdraw his guilty plea. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
 In his second assignment of error, appellant claims that his attorney's failure to immediately file appellant's motion to withdraw his guilty plea constituted ineffective assistance of counsel.
To demonstrate a claim of ineffective assistance of counsel, a defendant must first show that under the circumstances, counsel's representation did not meet the objective standard of reasonable competence. Second, a defendant must show that he was prejudiced at trial as a result of this deficiency. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064; State v. Mills (1992),62 Ohio St.3d 357, 370. Only if the defendant demonstrates that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against defendant would have been more favorable, will a reviewing court find prejudice. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus. This probability must be sufficient to undermine confidence in the case's outcome. Id.
Appellant argues that although his motion to withdraw his guilty plea was not filed until the day of sentencing, appellant decided to withdraw his plea and informed counsel of this decision just days after his plea hearing. Appellant insists that had counsel filed the motion to withdraw his guilty plea immediately after learning that appellant had changed his mind, the motion would have been granted. We disagree.
In denying the motion to withdraw the guilty plea, the trial judge acknowledged that the fact that appellant had waited until the morning of his sentencing hearing to file this motion suggested that it was "an attempt to avoid having to face sentencing[.]" However, as explained above, this was but one of numerous factors considered by the trial court when deciding to overrule appellant's motion to withdraw his guilty plea.
After sentencing, appellant wrote a letter to the trial court stating that he wrote a letter to his attorney about one month after entering his guilty plea. According to appellant, this letter was sent to his attorney after appellant's sentencing had been postponed due to an incomplete pre-sentence investigation report. Appellant advised his attorney that "if a plea agreement could not be worked out for probation [he] wanted to withdraw [his] Plea [sic] of Guilty [sic][.]" Such language indicates a change of heart, which, as discussed above, does not sufficiently justify withdrawal of a guilty plea.
Appellant has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged delay in filing appellant's motion, the trial court would have granted this motion. Because appellant has not demonstrated that he was prejudiced by alleged errors in his counsel's performance, we find that counsel's representation was effective. The second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Crim.R. 11(C), which pertains to pleas of guilty and no contest in felony cases, states in relevant part:
 (2) In felony cases the court *** shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.