OPINION
Defendant Lonny Lee Bristow appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled his motion to withdraw his guilty pleas. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS WITHOUT AN EVIDENTIARY HEARING; A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS IN VIOLATION OF THE OHIO AND U.S. CONSTITUTIONS.
In May of 1997, the Grand Jury returned indictments against appellant on eight counts of retaliation in violation of R.C. 2921.05. Appellant originally pled not guilty to all counts, but on September 30, 1997, appellant withdrew his not guilty plea and entered a plea of guilty on four counts. The court dismissed the remaining four counts. On July 13, 2000, appellant filed a motion to withdraw his four guilty pleas. On June 13, 2001, the court overruled the motion.
Appellant argues the court erred in overruling his motion without first taking evidence, which appellant asserts is a violation of his due process rights.
Appellant argues he and his counsel reviewed the State's evidence, and found it was insufficient to support a finding of guilty. Nevertheless, appellant asserts his trial counsel advised him to plead guilty so he could be released from jail. Appellant argues his trial counsel knew he was not guilty.
The trial court was not persuaded by his argument, finding while counsel's opinion is of great importance when making legal suggestions to a client, counsel's opinion is not the deciding factor in determining guilt or innocence. The court found appellant was fully advised by counsel and the court, before he changed his not guilty pleas to pleas of guilty to four charges. The court concluded appellant entered the pleas knowingly and voluntarily.
The court found a motion to withdraw is appropriate to correct a manifest injustice. The court found this was not the case here, and overruled the motion.
The State points out a mistaken belief as to consequences of a plea may not be sufficient to establish it was not knowingly and voluntarily made, see State v. Sabatino (1995), 102 Ohio App.3d 483. Here, the fact the motion to withdraw the guilty plea was made three years after the guilty plea was entered may demonstrate a lack of credibility, see Statev. Smith (1977), 49 Ohio St.2d 261. Finally, appellant was not entitled to withdraw his plea simply because he received a harsher sentence than he had expected, see State v. Grigsby (1992), 80 Ohio App.3d 291.
Our review of the record, including appellant's original motion, leads us to the conclusion the trial court was not required to take evidence before ruling on the motion as a matter of law, see State v. Legree
(1988), 61 Ohio App.3d 568. Further, we find the trial court did not err in overruling the motion.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.