DECISION AND JUDGMENT ENTRY
{¶ 1} Mary Wolfson appeals the Lawrence County Common Pleas Court's judgment finding her guilty of obstructing justice. She contends that the trial court erred by failing to consider her request for intervention in lieu of conviction. Appellant further argues that the trial court erred by denying her pre-sentence motion to withdraw her guilty plea without holding an evidentiary hearing. She claims that at the time she pled guilty, she was under the influence of a prescribed medication. She also complains that the state breached its plea bargain.
 {¶ 2} Because appellant withdrew her request for intervention in lieu of conviction, the trial court did not improperly fail to consider that request. Moreover, the trial court did not err by denying appellant's pre-sentence motion to withdraw her guilty plea or by failing to conduct a hearing to determine whether the state breached the plea agreement, because it adequately inquired into appellant's reasons for withdrawing her plea and concluded that they had no merit. The record reveals that appellant knowingly, voluntarily, and intelligently entered her guilty plea. Additionally, the record contains no evidence that a plea agreement existed. Therefore, we overrule appellant's assignments of error and affirm the trial court's judgment.
 {¶ 3} On April 9, 2002, the Lawrence County Grand Jury indicted appellant for tampering with evidence, in violation of R.C. 2921.12(A)(2), and obstructing justice, in violation of R.C. 2921.32(A)(5). Appellant pled not guilty.
 {¶ 4} In July 2001, appellant filed a motion for intervention in lieu of conviction. On the date scheduled for a hearing on the motion, appellant advised the court that she wished to plead guilty. Before entering her guilty plea, appellant completed a four-page form containing twenty-six questions. The form specifically asked appellant whether she was under the influence of any drugs or alcohol so as to prevent her from understanding the proceedings. Appellant answered "no." Additionally, at the hearing, the trial court asked appellant the same question, to which appellant again responded "no." The form also asked whether any promises had been made to induce appellant to plead guilty. Appellant responded "no." The trial court then found appellant guilty of obstructing justice.[1]
 {¶ 5} Before the court concluded the hearing, appellant's counsel stated that all pending motions were withdrawn, including the motion for intervention in lieu of conviction.
 {¶ 6} At the sentencing hearing, appellant requested a continuance to allow her time to file a motion to withdraw guilty plea. She stated that at the time she pled guilty, she was under the influence of a prescribed medication that affected her understanding of the proceedings. She further claimed that she thought the state would recommend that she enter a drug rehabilitation program. She asserted that she had not anticipated entering a community based correctional facility.
 {¶ 7} The court denied appellant's motion, noting that before it accepted appellant's guilty plea, it had asked appellant whether she was under the influence of any medication. The court further rejected appellant's argument that she should be allowed to withdraw her plea because of her misunderstanding of what the punishment would be. The court observed that it alone determines sentencing and would not be bound by the state's recommendation.
 {¶ 8} Before the court sentenced appellant, the prosecuting attorney asserted that the state "would be agreeable to a sentence of three years community control sanctions with a treatment facility, some type of correctional base[d], community based correctional facility * * * so that [appellant] could receive treatment for her drug [problem]."
 {¶ 9} The trial court then permitted appellant to speak. She explained that at the time she entered her guilty plea she believed that she would be sentenced to attend a rehabilitation program for sixty to ninety days. The court advised appellant that it had inquired as to whether Stepping Stones or the Rural Recovery Program would be available to appellant, but neither was.
 {¶ 10} On August 23, 2002, the trial court sentenced appellant to three years community control, with six months to be served in a community based correctional facility.
 {¶ 11} Appellant timely appealed the trial court's judgment and raises the following assignments of error: "FIRST ASSIGNMENT OF ERROR
— The trial court committed prejudicial, reversible error when it failed to consider the defendant/appellant's timely request for intervention in lieu of conviction. SECOND ASSIGNMENT OF ERROR — The trial court committed prejudicial, reversible error when it failed to hold the requisite evidentiary hearing upon the defendant/appellant's motion to withdraw guilty plea. THIRD ASSIGNMENT OF ERROR — The trial court committed prejudicial, reversible error when it failed to hold a[n] evidentiary hearing to determine whether or not the State of Ohio has breached or reneged on the plea bargain, upon timely motion of the defendant/appellant."
 I {¶ 12} In her first assignment of error, appellant argues that the trial court erred by failing to consider her request for treatment in lieu of conviction. Because appellant withdrew her request for treatment in lieu of conviction at the plea hearing, we disagree. Therefore, we overrule appellant's first assignment of error.
 II {¶ 13} In her second and third assignments of error, appellant argues that the trial court erred by failing to hold a hearing to consider her pre-sentence motion to withdraw her guilty plea and to determine whether the state breached the plea agreement. Within her second assignment of error, appellant argues that (1) the trial court should have conducted a full evidentiary hearing on her motion and (2) the trial court abused its discretion by denying her motion. Because the record shows that the trial court sufficiently inquired into appellant's reasons for withdrawing her guilty plea and then determined that appellant's motion lacked merit, we disagree. Within her third assignment of error, appellant asserts that the trial court should have held a hearing to determine whether to permit her to withdraw her plea due to the state's breach of the plea agreement. Because the record shows that appellant knowingly, voluntarily, and intelligently entered her guilty plea and fails to show that a plea agreement existed, we disagree with appellant.
 {¶ 14} Crim.R. 32.1 allows a defendant to file a pre-sentence motion to withdraw a guilty plea. While a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. SeeState v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. Instead, a trial court possesses discretion in deciding whether a reasonable and legitimate basis exists to justify granting the motion. See id., paragraphs one and two of the syllabus. Thus, appellate review of a trial court's decision regarding a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. Id., paragraph two of the syllabus. An abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court acted unreasonably, arbitrarily or unconscionably. See, e.g., id. at 527.
 {¶ 15} When presented with a pre-sentence motion to withdraw a guilty plea, the "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id., paragraph one of the syllabus. The hearing is mandatory. Seeid; State v. Wright (June 19, 1995), Highland App. No. 94CA853; State v.Shipley (Dec. 22, 1994), Pickaway App. No. 94CA2; State v. Williams
(Dec. 14, 1993), Vinton App. No. 93 CA 489. In Wright, we explained: "Without a hearing, it is not possible to determine whether a legitimate and reasonable basis exists for a motion to withdraw a guilty plea. Because a hearing is clearly required by Xie, supra, as the mechanism by which [the] trial court determines whether there is a reasonable and legitimate basis for a motion to withdraw a guilty plea, we hold that the denial of a hearing is reversible error as matter of law."
 {¶ 16} While Xie states that a hearing is mandatory, it does not define the type of hearing that is required. Nonetheless, we have previously concluded that a hearing complying with at least the minimum mandates of due process is necessary. See Wright. Thus, the trial court must afford the defendant meaningful notice and a meaningful opportunity to be heard. See id. However, the scope of the hearing is within the trial court's discretion. See id. "Accordingly, the scope of the hearing should reflect the substantive merits of the motion." Id. (citing Statev. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464). "The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources." Wright. "Bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." Smith, supra.
 {¶ 17} Here, at the start of the sentencing hearing, appellant stated that she wished to file a motion to withdraw her guilty plea because (1) she was under the influence of a prescribed medication at the time of her guilty plea that rendered her unable to understand the proceedings and (2) she mistakenly thought that the court would sentence her to a drug rehabilitation program. The trial court then sufficiently inquired into the reasons appellant asserted for withdrawing her plea and determined that they lacked substantive merit.
 {¶ 18} First, the trial court noted that before entering her guilty plea, appellant orally and in writing stated that she was not under the influence of any medication so as to prevent her from understanding the proceedings. Cf. State v. Jacobson, Adams App. No. 01CA730, 2003-Ohio-1201 (concluding that trial court did not err by summarily denying the defendant's post-sentence motion to withdraw his guilty plea based on his claim of being under the influence of medication when the plea hearing transcript showed that the defendant stated that he was not under the influence of any medication); State v. Purewal (April 22, 1999), Cuyahoga App. No. 74707 (stating the trial court did not err in failing to conduct an evidentiary hearing because the defendant did not present "credible evidence, outside of mere assertion, to validate his claim of impaired judgment."). Second, the court correctly noted that it alone would determine appellant's sentence and would not be bound by any plea agreement that appellant had reached with the state. Furthermore, a defendant's mistaken belief as to the consequences of pleading guilty does not require a trial court to allow a defendant to withdraw a guilty plea. See State v. Sabatino (1995), 102 Ohio App.3d 483,657 N.E.2d 527; State v. Grigsby (1992), 80 Ohio App.3d 291,609 N.E.2d 183; State v. Lambros (1988), 44 Ohio App.3d 102,541 N.E.2d 632.
 {¶ 19} Additionally, before accepting appellant's guilty plea, the trial court conducted a sufficient Crim.R. 11(C) inquiry to determine that appellant entered her guilty plea voluntarily, knowingly, and intelligently. The trial court reviewed the guilty plea form that appellant completed. The plea form recited that (1) appellant understood her constitutional rights and the consequences of pleading guilty, (2) appellant understood that she had the right not to testify against herself, (3) no promises or threats induced appellant to plead guilty, (4) appellant understood the proceedings, (5) she voluntarily plead guilty, (6) she understood the nature of the charge and the maximum penalty involved, (7) she understood her rights to compulsory process and to confront witnesses, (8) the court could sentenced appellant to a penal institution, (9) no one promised her that she would be released from a penal institution on a certain date in the event she is sentenced, and (10) she was not under the influence of any medication.
 {¶ 20} Moreover, although appellant complains that the state breached its plea agreement, the record contains scant evidence to support her claim that a plea agreement existed. No written evidence of a plea agreement appears in the record. In fact, when appellant completed the guilty plea form, she indicated that no promises had been made to induce her to plead guilty. The only evidence to support appellant's claim of a plea agreement is the prosecuting attorney's statement at the sentencing hearing that the state recommended sentencing appellant to a facility where appellant could receive drug treatment. To the extent that appellant's third assignment of error relies on matters outside the record, a post-conviction petition would be the proper procedure to follow. See State v. Jacobson, Adams App. No. 01CA730, 2003-Ohio-1201, at ¶ 14
 {¶ 21} Consequently, the trial court did not err by denying appellant's motion to withdraw her guilty plea, did not err by failing to conduct a full evidentiary hearing, and did not err by failing to hold a hearing to determine whether the state breached the plea agreement. Therefore, we overrule appellant's second and third assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] The state dismissed count one of the indictment.