{¶ 12} Respectfully, I dissent. I would hold that the trial court abused its discretion in denying appellant's motion to withdraw his plea.
 {¶ 13} Appellant was advised by the judge twice during the plea hearing that his sentence was "mandatory" and advised once that there was a "presumption of incarceration" attached to his plea. The judge did not define or explain the word "mandatory" nor the words "presumption of incarceration," however. At the conclusion of the plea hearing, appellant was permitted to remain on bail and the court ordered a presentence report.
 {¶ 14} Prior to sentencing, counsel came forward, asked to withdraw the plea, and admitted to having misled appellant into believing that as a first-time drug offender, he would be eligible for drug treatment in lieu of incarceration, despite the mandatory term provisions. UnlikeState v. Sabatino (1995), 102 Ohio App.3d 483, wherein the defendant tried to withdraw his plea before sentencing because he had not known it was a possibility that his employer would fire him as a result of his guilty plea, in this case, appellant's counsel actually gave him incorrect information that induced him to accept the plea, i.e., that despite the word "mandatory," as a first-time drug offender, he was eligible for treatment in lieu of incarceration.
 {¶ 15} Generally, a motion to withdraw a guilty plea filed before sentencing will be freely allowed. State v. Peterseim (1980),68 Ohio App.2d 211. Although a "mere change of heart" is insufficient justification for withdrawing a plea, this court has found compelling the logic that "'a * * * plea induced by a mistaken belief that a binding plea agreement had been made is invalid even if it is the defendant's own attorney who is responsible for the defendant's mistaken belief.'"State v. Longo (1982), 4 Ohio App.3d 136, 140, quoting United States, exrel. Elksnis v. Gilligan (S.D.N.Y. 1966), 256 F.Supp. 244, 249. "[E]ven where no specific promise was made, and a guilty plea was entered as a result of a 'grave misunderstanding' solely on the part of defense counsel and not participated in by either the prosecution or the judge, the interests of justice require that the defendants be relieved of the pleas and the judgments of conviction vacated." Id.
 {¶ 16} Likewise, in State v. Blatnik (1984), 17 Ohio App.3d 201, the Sixth District Court of Appeals, citing Longo, supra, with approval, found that although the erroneous advice of counsel regarding the sentence to be imposed does not, ipso facto, result in a manifest injustice, under certain circumstances, it may. The court concluded that although erroneous s peculation by counsel as to what a defendant's sentence will be does not constitute manifest injustice, an erroneousrepresentation by counsel regarding sentencing may result in manifest injustice. The record inthis case reveals that appellant's motion was made prior to sentencing and did not result simply from a change of heart. Rather, the motion was made because counsel's inaccurate representations to appellant regarding sentencing induced him to accept the plea. Significantly, and decisive to this case, counsel confirmed that he gave this erroneous information to appellant, andfurthermore, that appellant entered his plea "based on those representations." (Tr. 18.) Counsel came forward and, at great personal risk, admitted his error to the court prior to sentencing. If this is not a compelling situation in which a motion to withdraw a plea should be freely granted, what is?
 {¶ 17} Finally, in light of the possibility that appellant may have been found not guilty if he had gone to trial, any argument that he was not prejudiced by the trial court's denial of his motion because the court sentenced him to the minimum sentence is, quite simply, specious.