JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Douglas Johnson appeals from the order of the trial court that denied his motion to vacate his presentence guilty plea. For the reasons set forth below, we affirm.
 {¶ 2} On September 12, 2007, defendant was charged with one count of domestic violence, in violation of R.C. 2919.25. On October 3, 2007, defendant appeared before the trial court to enter a no contest plea in the matter. At that time, the trial court informed defendant of his constitutional rights and advised him that if he again faced a similar charge, it would be elevated to a fifth degree felony in light of the instant offense. The trial court accepted defendant's plea and set the matter for sentencing on October 17, 2007. On the date of the sentencing hearing, defendant's counsel made an oral motion to withdraw the no contest plea. The following proceedings then occurred on the record:
 {¶ 3} "THE COURT: Okay. When the magistrate was present did he not go over with you what your rights were?
 {¶ 4} "DEFENDANT: Yes, he did, but —
 {¶ 5} "THE COURT: Did you misunderstand what he told you your rights were?
 {¶ 6} "DEFENDANT: No I didn't, your Honor, no I didn't. I was a fool to plead no contest, your Honor. I should never have pleaded no contest. I want the truth to come out in court, your Honor. *Page 3 
 {¶ 7} "* * *
 {¶ 8} "THE COURT: How old are you?
 {¶ 9} "DEFENDANT: I'm 48 years old.
 {¶ 10} "THE COURT: How far did you get in school sir?
 {¶ 11} "DEFENDANT: 12th grade.
 {¶ 12} "THE COURT: You graduated?
 {¶ 13} "DEFENDANT: Yeah.
 {¶ 14} "THE COURT: Or you got to the 12th grade and stopped?
 {¶ 15} "DEFENDANT: Graduated * * * Your Honor, when I went to the Public Defenders Office, I showed the lady the evidence against my wife. She asked me why did I plead no contest. The evidence that I showed her, [my previous counsel] didn't see that evidence.
 {¶ 16} "THE COURT: You knew what the evidence was before you even decided to accept the plea. There is nothing new.
 {¶ 17} "DEFENDANT: * * * Why didn't I bring it? I did bring it the last time.
 {¶ 18} "THE COURT: And you are saying that [your prior counsel] didn't see it when you were here the last time when you pled?
 {¶ 19} "DEFENDANT: [My previous attorney] showed me a picture of some hair missing out of her head. * * * [H]e never seen any of my evidence, your honor. He never seen * * *."
 {¶ 20} The trial court subsequently determined that defendant had initiated *Page 4 
various actions against the alleged victim, including making claims against her with the department of children services, and claims with the nurses' licensing board. The trial court then denied the motion to vacate the no contest plea and sentenced defendant to 180 days of incarceration with 90 days suspended, plus two years of probation (including anger management and a no contact order), and also fined defendant $200. Defendant was later released from jail after serving 28 days. He now appeals and assigns the following error for our review:
 {¶ 21} "The municipal court abused its discretion when it denied Appellant's presentence motion to withdraw his plea."
 {¶ 22} Crim. R. 32.1 governs withdrawals of guilty pleas, and it provides:
 {¶ 23} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 24} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." State v. Xie (1992), 62 Ohio St.3d 521, 527,584 N.E.2d 715. We review presentence motions to withdraw guilty pleas for an abuse of discretion. Id.
 {¶ 25} In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether *Page 5 
the accused was represented by highly competent counsel; (2) whether the accused was afforded a full hearing, pursuant to Crim. R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused is given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980),68 Ohio App.2d 211, 428 N.E.2d 863.
 {¶ 26} In summary, a sufficient reason for the withdrawal must appear on the record and a "mere change of heart" is not reason enough. SeeState v. Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632. In addition, this court has held that "a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made."State v. Sabatino (1995), 102 Ohio App.3d 483, 657 N.E.2d 527.
 {¶ 27} In this matter, the trial court held a full hearing pursuant to Crim. R. 11 before accepting the no contest plea and notified defendant of his constitutional and other rights. At this hearing, the court ascertained that defendant fully understood the nature of the charges and possible penalties. The court then determined that the plea was knowingly, intelligently, and voluntarily made. Defendant was represented by an experienced attorney. In addition, the trial court also afforded a full hearing on his motion to withdraw his plea. The court noted that there was a factual basis for the plea. Finally, the court concluded that the basis for the plea was information that *Page 6 
defendant had at the time of the plea. The trial court also indicated that defendant had engaged in a pattern of activity to continue to harass the victim.
 {¶ 28} A thorough review of the record indicates the trial court did not abuse its discretion in denying appellant's motion to vacate his guilty plea. Accordingly, this assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the cleveland municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1