JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Mario Sanchez ("defendant"), appeals from the trial court's denial of his presentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 {¶ 2} Defendant was charged with two counts of rape and one count of felonious assault. On December 4, 2007, the trial court held a plea hearing whereby the State would dismiss the rape charges in exchange for defendant entering a guilty plea to felonious assault. It is undisputed that the trial court held a hearing in compliance with Crim. R. 11 prior to accepting defendant's guilty plea. During this hearing, the trial court specifically inquired:
 {¶ 3} "THE COURT: Anybody, including your attorney, the prosecutor or the Court made any promises or threats to you to induce you into entering into this plea?
 {¶ 4} "THE DEFENDANT: No, sir."
 {¶ 5} The court advised defendant of the potential prison term associated with his guilty plea. However, the court told the defendant that he would receive probation "unless he tested positive for something."
 {¶ 6} The defendant confirmed that he was satisfied with his lawyer and said he had no questions. Defendant confirmed his plea was voluntary and made of his own free will.
 {¶ 7} On January 9, 2008, defendant appeared before the court for sentencing. The court was informed that defendant wished to withdraw his plea. *Page 4 
The court asked for the reason, to which defense counsel responded, "He's asked me to ask this Court to withdraw his plea pursuant to Crim. R. 32.1.
 {¶ 8} "He basically has told me he didn't understand the consequences, you know, of his plea. He's told me that he's not guilty of the offense and for that reason he wants to withdraw his plea.
 {¶ 9} "I should indicate to the Court that it was against my legal advice that he attempt to withdraw his plea. We have had a lot of discussions about it. I have encouraged him not to, but he's insisted on asking that I ask this Court to withdraw his plea."
 {¶ 10} The court then allowed the defendant to express his reasons for wanting to withdraw his plea. Defendant said he felt "a moment of weakness" and "ben[t] into it." He maintained he was innocent. The court said it would have a discussion with all of the lawyers before ruling on the motion. Thereafter, the trial court denied defendant's motion. Defendant was then sentenced to a term of community control sanctions, consistent with the court's indications during defendant's plea hearing. Defendant now appeals raising a sole assignment of error for our review, which states:
 {¶ 11} "I. Mario Sanchez was deprived of due process of law when the trial court abused its discretion by failing to freely allow his withdrawal of guilty plea made prior to sentencing and upon a reasonable and legitimate basis."
 {¶ 12} A motion to withdraw a guilty plea is governed by the standards set forth in Crim. R. 32.1, which state: *Page 5 
 {¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality.State v. Peterseim (1979), 68 Ohio App.2d 211, 214, citing Barker v.United States (C.A. 10, 1978), 579 F.2d 1219, 1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.
 {¶ 15} "It is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: (1) is represented by competent counsel; (2) is given a full Crim. R. 11 hearing before entering a plea; and (3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion. State v. Pamer, Medina App. No. 04CA0027-M,2004-Ohio-7190; State v. Sabatino (1995), 102 Ohio App.3d 483,657 N.E.2d 527. In summary, a sufficient reason for the withdrawal must appear on the record and a "mere change of heart" is not reason enough. See State v. Lambros *Page 6 
(1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632." State v. Bridges, Cuyahoga App. No. 87633, 2006-Ohio-6280, ¶ 5; see, also, State v.Peterseim, supra, at 214.
 {¶ 16} Having reviewed the record and considered all the relevant factors and applicable law, we do not find that the trial court abused its discretion when it denied defendant's presentence motion to withdraw. We note that the only reasons the defendant himself offered to the court in support of his motion to withdraw were that he had a moment of weakness and that he was innocent. Both statements are entirely contradicted by defendant's previous representations to the court at his plea hearing. The trial court did not limit defendant's ability to respond, yet defendant did not elaborate or offer any further reasons to warrant withdrawal of his plea as was defense counsel's indication that defendant did not understand the consequences of his plea. Defendant was represented by highly competent counsel, had a Crim. R. 11 compliant hearing prior to entering his guilty plea, and received a complete and impartial hearing on his motion to withdraw. The record further reflects that the trial court not only considered counsel's and defendant's reason for the motion on the record, which essentially amounted to a change of heart, but also consulted with counsel prior to denying defendant's motion.
 {¶ 17} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY JANE TRAPP, J.*, CONCUR
* SITTING BY ASSIGNMENT: JUDGE MARY JANE TRAPP, OF THE ELEVENTH DISTRICT COURT OF APPEALS. *Page 1