DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of conviction and sentence entered by the Washington County Common Pleas Court. After a guilty plea, the trial court found Keith Platz, defendant below and appellant herein, guilty of aggravated assault in violation of R.C. 2903.12(A)(2). The following error is assigned for our review:
 "THE TRIAL COURT ERRED IN FAILING TO ALLOW THE APPELLANT TO WITHDRAW HIS PLEA OF GUILTY TO AGGRAVATED ASSAULT WHEN THAT REQUEST WAS MADE BEFORE THE APPELLANT WAS SENTENCED THEREBY DENYING APPELLANT'S RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
A brief summary of the facts pertinent to this appeal is as follows. On the evening of June 20, 1999, appellant and Cynthia Kennedy were at the "Locker Room" bar in Marietta when Kennedy decided to end their relationship. The couple "had words" which then escalated into a confrontation. During the fracas appellant broke a beer bottle over his ex-girlfriend's head thereby causing her injury.
The Washington County Grand Jury returned an indictment on July 15, 1999 charging appellant with felonious assault. See R.C. 2903.11(A)(2). At his arraignment, appellant pled "not guilty" and was released on his own recognizance. A plea agreement was eventually reached whereby appellant agreed to plead "guilty" to a lesser charge of aggravated assault in violation of R.C. 2903.12(A)(2).
On December 20, 1999, the trial court explained to appellant his Constitutional rights and endeavored to ascertain that his plea was voluntary. After hearing appellant's assent to the arrangement, and appellant's affirmation that he understood his rights, and after a brief recitation of the facts of the underlying charge, the trial court accepted his guilty plea. The court ordered a pre-sentence investigation and set the matter for sentencing on February 3, 2000.
On the day of the sentencing hearing, appellant failed to appear. The trial court issued an arrest warrant and appellant was subsequently apprehended.
On March 30, 2000, after appellant requested and received new counsel to represent him, appellant filed a motion to withdraw his previous guilty plea. The bases for his motion were set forth in a pro se
"affidavit" attached thereto.[2] Although somewhat difficult to follow, the gist of appellant's argument was that he was not aware that he was pleading guilty to a felony and that, in any event, he never actually assaulted Kennedy.
The matter came on for hearing on April 14, 2000, at which time appellant testified that he thought the charge to which he pled guilty (i.e. aggravated assault) was a misdemeanor and that he would not "have to do any jail time," just "probation." The State responded by calling his previous attorney who related how he had informed appellant that aggravated assault was a fourth degree felony and that he could receive anywhere between six and eighteen months prison time.[3] The witness further testified that he told appellant it was "highly unlikely he was going to get probation."[4]
At the conclusion of the hearing, the trial court denied appellant's motion to withdraw his guilty plea. The court stated that it was "difficult to believe" that he did not understand that he was pleading guilty to a fourth degree felony. Further, the court found it to be "inconceivable" that appellant could have thought a prison term was not a possibility. To emphasize these points, the court read at length from the transcript of the change of plea hearing. At sentencing the court ordered appellant to serve a definite twelve month term of imprisonment and pay restitution. This appeal followed.
Appellant argues in his assignment of error that the trial court erred by denying his motion to withdraw his guilty plea. We disagree.
Our analysis begins with Crim.R. 32.1 which provides, inter alia, that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." Generally speaking, such motions should be freely allowed and treated with liberality. See State v. Peterseim
(1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, 865; also see State v.Hartman (Mar. 8, 2001), Cuyahoga App. No. 76851, unreported; State v.Jones (Mar. 2, 2001), Miami App. No. 2000CA35, unreported.
Having said that, however, we note that the right to withdraw a guilty plea is not absolute. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, at paragraph one of the syllabus. The decision to grant or to deny a request for such relief lies within the trial court's sound discretion. Id. at paragraph two of the syllabus. A trial court's decision on this issue will not be reversed absent an abuse of discretion. See State v. Wynn (1998), 131 Ohio App.3d 725, 728,723 N.E.2d 627, 629; State v. Rosemark (1996), 116 Ohio App.3d 306, 308,688 N.E.2d 22, 23; State v. Newland (1996), 113 Ohio App.3d 832,837-838, 682 N.E.2d 678, 682. An abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898; State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149. To constitute an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v. FairviewGen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3. Reviewing courts should not simply substitute their judgment for that of a trial court. See In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181, 1184; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301, 1308.
After our review of the record before us, and after we consider the particular facts and circumstances of this case, we discern neither error nor an abuse of discretion in the trial court's denial of appellant's request to withdraw his guilty plea.
Appellant's principle reasons for the withdrawal of his pleas were (1) his belief that the crime to which he pled guilty was a misdemeanor and (2) his belief that he would get "probation" rather than "jail time." We note at the outset that even if these beliefs were well founded and legitimate, a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient reason to require the trial court to permit withdrawal of the plea. See State v. Sabatino (1995),102 Ohio App.3d 483, 486, 657 N.E.2d 527, 530; State v. Grigsby (1992),80 Ohio App.3d 291, 301, 609 N.E.2d 183, 189; State v. Drake (1991),73 Ohio App.3d 640, 645, 598 N.E.2d 115, 119; State v. Lambros (1988),44 Ohio App.3d 102, 103, 541 N.E.2d 632, 634.
Moreover, like the trial court, we find appellant's reasons for wanting to withdraw his guilty plea exceedingly difficult to believe. Our review of the December 30, 1999 plea hearing transcript indicates numerous instances when the crime of aggravated assault was characterized as a "fourth degree felony." Furthermore, as amply demonstrated by the excerpt below, the trial court made frequent mention of the fact that appellant could receive prison time:
 "THE COURT: * * * Now, for this offense I could either send you to prison or place you on community control sanctions. If the Court send you to prison, the Court could impose a prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months, with a potential fine of $5,000, or both imprisonment and fine.
* * *
 THE COURT: Now, before you plead guilty, I need to be certain you understand these proceedings. You do understand the nature of the charges against you?
THE DEFENDANT: Yes, I do.
 THE COURT: You understand the maximum penalty a court could impose is eighteen months imprisonment, a fine of $5,000, or both imprisonment and a fine?
THE DEFENDANT: Yes, I do.
 THE COURT: You understand that if you go to prison, imprisonment if imposed, would be in the Orient Correctional Reception Center, at least initially?
THE DEFENDANT: Yes, I do." (Emphasis added.)
In addition, appellant's previous attorney testified that he informed appellant that aggravated assault was, in fact, a fourth degree felony punishable by up to eighteen months imprisonment. Counsel related that he had actually told this to appellant on several occasions because appellant was a "game player" who would be told something on one day and then "come back a few days later and repeat what [he had been told] and repeat it inaccurately."
In the end, the trial court simply did not believe appellant's reasons for wanting to withdraw his guilty plea. This was well within its province. Reviewing courts must defer to the judgment of the trial court in these matters because questions concerning the good faith, credibility and weight of the movant's assertions are matters to be resolved by the trial courts. Xie, supra at 525, 584 N.E.2d at 718; also see State v.Hamblin (Mar. 26, 2001), Butler App. No. CA2000-07-154, unreported; Statev. Howes (Mar. 19, 2001), Pike App. No. 00CA651, unreported; State v.Ausman (Sep. 20, 2000), Ross App. No. 00CA2550, unreported.
However, as we noted above, even if appellant's reasons were found credible, his mistaken belief as to the consequences of the guilty plea still would not justify permitting him to withdraw that plea. SeeSabatino, supra at 486, 657 N.E.2d at 530.
For these reasons, we find that appellant's assignment of error is without merit and is hereby overruled. We hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________________ Peter B. Abele, Presiding Judge
Harsha, J. Concurs in Judgment Opinion.
Kline, J. Concurs in Judgment Only.
[2] Although denoted as an affidavit, we point out that this document was neither sworn nor notarized.
[3] A lengthy discussion was held prior to counsel testifying as to the extent of information that could be solicited from him given that he was still bound by the attorney-client privilege.
[4] Counsel explained that he still used the term "probation" when discussing these matters with criminal defendants because they were familiar with the term and could understand it better than the concept of "community control" sanctions under current law.