OPINION
{¶ 1} Pro se defendant-appellant, Daniel V. Price ("defendant"), appeals from the judgment of the Franklin County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part and remand with instructions.
 {¶ 2} On April 24, 2001, the Franklin County Grand Jury returned three separate indictments against defendant. In case No. 01CR-2432, defendant was charged with one count of trafficking in crack cocaine and one count of trafficking in cocaine. In case No. 02CR-1246, defendant was charged with trafficking in marijuana, possession of marijuana, and possession of criminal tools. In case No. 02CR-2926, defendant was charged with domestic violence and abduction. On August 28, 2002, to avoid the consequences of going to trial, defendant entered the following pleas. In case No. 01CR-2432, defendant pled guilty to trafficking in crack cocaine, a felony of the second degree, and trafficking in cocaine, a felony of the third degree. In Case No. 02CR-1246, defendant pled guilty to possession of marijuana, a felony of the fifth degree. (Tr. 7-9.) Lastly, in case No. 02CR-2926, defendant entered an Alford plea to domestic violence, a felony of the fifth degree. (Tr. 12.) The trial court ordered a pre-sentence investigation and scheduled a sentencing hearing for October 11, 2002. (Tr. 14.)
 {¶ 3} On October 11, 2002, the trial court sentenced defendant to seven years in prison for trafficking in crack cocaine, three years for trafficking in cocaine, 11 months for possession of marijuana, and 11 months for domestic violence. The trial court ordered the trafficking and domestic violence counts served consecutively and the possession of marijuana count served concurrently.
 {¶ 4} While defendant filed the instant appeal with respect to the trafficking offenses only, for the sake of judicial economy and because the defendant discusses each case in his brief and the state responded accordingly, the court will address all of defendant's assignments of error.
 {¶ 5} On appeal, defendant asserts the following assignments of error:
 {¶ 6} "I. The trier substantively erred twice:
 {¶ 7} "a. With `statutory compliance'
 {¶ 8} "b. Motion to withdraw guilt [sic] plea, (tended — before sentencing), in effect, denying the inviolate right to jury trial!
 {¶ 9} "II. The trier is constitutionally infirm in the finding of guilt, without adequate review, `in the totality' of the charges and the arresting record!
 {¶ 10} "III. The `proffer' was substantively breeched, through both, `threats and intimidation' by the apptd. attys., wife, (investigator), for the law office at that time; (effecting), the signing of the agreement, subsequent to the denial of the motion to withdraw the plea bargain."
 {¶ 11} In his first assignment of error, defendant essentially asserts the trial court improperly denied his request to withdraw his guilty plea. In support of his argument, defendant claims such denial prior to sentencing violated his right to a jury trial. Defendant claims that he entered his guilty plea believing he would only receive a total of three years in jail.
 {¶ 12} A pre-sentence motion to withdraw a guilty plea should be freely granted by the trial court. State v. Xie (1992), 62 Ohio St.3d 521,527. Notwithstanding, a defendant does not have an absolute right to withdraw a plea before sentencing. State v. Brooks, Franklin App. No. 02AP-44, 2002-Ohio-5794. Nonetheless, the trial court is still required to hold a hearing to determine whether there is a "reasonable and legitimate basis" for withdrawal. Xie at 527. The decision of whether to grant or deny a pre-sentence motion is within the sound discretion of the trial court. Xie, at paragraph two of the syllabus. Therefore, in reviewing the trial court's decision, the appellate court must determine if the trial court abused its discretion. An abuse of discretion "connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong." Brooks, supra, at ¶ 46.
 {¶ 13} Defendant's contention he was effectively denied his Sixth Amendment right to jury trial is without merit. On the day of sentencing, defendant came into court and orally requested to withdraw his guilty pleas. (Tr. 25-26.) The trial court held an immediate hearing during which the trial court permitted the defendant to state the basis for his motion. (Tr. 22-25.) In support of his motion for withdrawal, defendant claimed the following: (1) he entered his guilty plea believing that he would receive only three years in prison; (2) he felt his lawyer misrepresented things to him and he and his lawyer had disagreements; and (3) he pled guilty because his attorney's wife pressured him into it. (Tr. 22-25.) The trial court concluded these reasons were not supported by any evidence and did not establish a reasonable basis for withdrawal. (Tr. 25.) We do not think the trial court acted arbitrarily, capriciously, or without a reasonable basis in making this determination.
 {¶ 14} At the outset, defendant's mistaken belief about an expected sentence, if he pled guilty, is not a legitimate basis requiring the trial court to withdraw the plea. Brooks, supra, at ¶ 51, citing State v. Sabatino (1995), 102 Ohio App.3d 483, 486 (citations omitted). Even if it were, the trial court, in compliance with its Crim.R. 11 obligations, thoroughly explained the specific charges against defendant and the possible penalties, including the maximum prison sentence allowed. (Tr. 7-8.) At the end of this colloquy, as to each of the cases in which defendant entered pleas, the trial court asked defendant, "[d]o you understand the nature of the offenses and maximum penalties in that case?" (Tr. 8.) Each time, defendant replied "[y]es." Defendant cannot now claim he did not know what the possible penalties were for his criminal conduct.[1]
 {¶ 15} Defendant's assertion regarding misrepresentations by his lawyer is equally unpersuasive. The trial court found defendant's lawyer to be one of the best criminal defense lawyers in town. (Tr. 26-27.) Further, defendant presented no evidence his lawyer misrepresented anything to him. (Tr. 26-27.) Finally, there is no evidence, other than defendant's opinion, his attorney's wife forced him to plead guilty. Again, as part of the Crim.R. 11 colloquy, the court asked defendant whether anyone forced him to sign the plea documents or threatened him in any way. (Tr. 5.) Defendant replied no. (Tr. 5.) Defendant specifically stated he signed the documents of his own free will. (Tr. 5.) Accordingly, based upon the record before us, the trial court did not abuse its discretion in refusing to allow the withdrawal of defendant's guilty pleas.
 {¶ 16} We presume that included in this assignment of error is defendant's contention that he should have received a community control sentence with a period of up to six months incarceration in the Franklin County Community Based Correctional Facility ("CBCF") instead of imprisonment.[2] However, this argument fails in light of the fact that both drug trafficking convictions required the imposition of a mandatory sentence. See R.C. 2929.13(F)(5) and 2925.03. (Tr. 8.) Pursuant to R.C.2925.03(C)(4)(e), read in conjunction with R.C. 2929.13(F)(5), trafficking in crack cocaine in an amount greater than or equal to 10 grams but less than 25 grams is a felony of the second degree. Pursuant to R.C. 2929.14, a felony of the second degree mandates a prison term of two, three, four, five, six, seven or eight years. Further, pursuant to R.C. 2925.03(C)(4)(d) and 2929.13(F)(5), trafficking in cocaine (powder) in an amount greater than or equal to 10 grams but less than 100 grams is a felony of the third degree, which carries a potential penalty of a mandatory prison term of one, two, three, four or five years. Since defendant entered knowing, intelligent and voluntary pleas to the indictments, the trial court did not err in imposing mandatory prison terms. Defendant's concern that he will not be able to provide for his family in prison, while hardly a novel mitigating statement, is an unfortunate consequence of his continuing poor choices and should come as no surprise to he or his family given the number of times he has previously been incarcerated. Therefore, this contention has no merit.
 {¶ 17} Defendant further asserts that the trial court erred when it ordered defendant to serve consecutive sentences without making the requisite findings under R.C. 2929.14(E)(4).[3]
 {¶ 18} R.C. 2929.14(E)(4) states in pertinent part:
 {¶ 19} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 20} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 21} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 22} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 23} Additionally, R.C. 2929.19(B)(2)(c) establishes the procedure the trial court must follow when imposing consecutive sentences on a defendant. Moreover, it mandates the trial court make a finding which sets forth the reasons for imposing consecutive sentences. State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77.
 {¶ 24} To determine whether the trial court made the required statutory findings and explanations, we must review the record of the October 11, 2002 sentencing hearing in light of the recent decision State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. In Comer, the Ohio Supreme Court held that when imposing consecutive sentences, the trial court (1) must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses; and (3) must find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c). Id. at ¶ 13. The trial court must also make a finding that gives its reasons for selecting the sentence imposed. Id. at ¶ 14. The court settled the dispute among the appellate courts and held that the trial court must orally make its finding and state its reasons on the record at the sentencing hearing. Id. at ¶ 18, 20. Accordingly, the written journal entry is no longer considered in determining whether the trial court satisfied the statutory obligations. Id.
 {¶ 25} At the sentencing hearing in this case, in imposing consecutive sentences, the trial court stated, "in order to impose consecutive sentences we have to go to 2929.14(E), Consecutive Prison Terms Optional: If necessary to protect/punish, not disproportionate, and find that the crimes committed while awaiting trial or sentencing[.]" (Tr. 34.) The trial court further found: (1) while defendant was out on bond on the drug cases, he was charged with domestic violence, thereby satisfying subsection (a) above, namely the offender committed one or more of the multiple offenses while awaiting trial or sentencing; and (2) consecutive terms were necessary to protect the public based on defendant's lengthy criminal record. (Tr. 34-35.) Additionally, the sentencing entry states: "The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. * * * The Court hereby imposes the following sentence * * *. After imposing sentence the Court gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and(c)(d) and (e)." However, in light of Comer, we must only consider the record from the sentencing hearing and not the written entry.
 {¶ 26} Here, the record does not clearly satisfy the requirements of R.C. 2929.14(E)(4). Although the trial court made a finding of its reasons for imposing consecutive sentences, namely defendant's lengthy criminal history, it did not find that the imposition of the sentences was not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses. Accordingly, the record does not establish the trial court made the required statutory factual findings pursuant to R.C. 2929.14(E)(4). Consequently, defendant's first assignment of error is sustained with respect to the imposition of consecutive sentences and this cause is remanded to the trial court for re-sentencing. In all other respects, defendant's first assignment of error is overruled.
 {¶ 27} Defendant's second assignment of error contends the trial court erred by not adequately reviewing the facts underlying each charge against him. However, the trial court was not obligated to engage in any such factual review. As the state correctly points out, defendant pled guilty to all charges and effectively waived his right to challenge issues regarding his factual guilt. State v. Hastings (Dec. 15, 1998), Franklin App. No. 98AP-421; Crim.R. 11(B)(1). "[A] defendant who pleads guilty removes all issues of factual guilt from the case and waives all antecedent constitutional violations relating to factual guilt, including alleged violations in the gathering of evidence." Hastings, supra, citing Menna v. New York (1975), 423 U.S. 61, 96 S.Ct. 24; State v. Elliott (1993), 86 Ohio App.3d 792, 795.
 {¶ 28} Here, defendant challenges certain factual issues such as whether or not the crack or powder was actually his and the actual gram weight of the crack-cocaine. However, defendant's guilty plea effectively waived any and all factual challenges. Accordingly, defendant's second assignment of error is overruled.
 {¶ 29} In his third assignment of error, defendant asserts his guilty plea was not knowing and voluntary. As stated previously, defendant claims his attorney's wife unduly pressured him into pleading guilty and he pled guilty because he believed his sentence would be only three years.[4]
 {¶ 30} Before accepting a guilty plea from a criminal defendant, the trial court must strictly comply with Crim.R. 11(C)(2)(c). State v. Lima (Apr. 18, 2002), Franklin App. No. 01AP-774, citing State v. Colbert (1991), 71 Ohio App.3d 734, 737; State v. Ballard (1981),66 Ohio St.2d 473, paragraph one of the syllabus. Although the trial court does not have to use the precise language in the rule, the defendant must be informed of the critical constitutional rights in a manner reasonably intelligible to that defendant. Lima, supra. Where a challenge to a guilty plea concerns a non-constitutional issue, only substantial compliance is required and the defendant must show prejudicial effect, namely that the defendant would not otherwise have made the plea. Id.
 {¶ 31} Here, the trial court explained each constitutional right defendant was waiving by pleading guilty. (Tr. 5-7.) The defendant clearly indicated he understood these rights and he was waiving them in order to enter the guilty pleas. (Tr. 6.) The court also asked defendant if he reviewed the plea documents with his attorney prior to signature. (Tr. 5.) Defendant replied "yes." Id. Moreover, as stated previously, defendant stated he signed the documents of his own free will. Id. Additionally, as discussed above, defendant was advised of the maximum penalties for each offense. (Tr. 7-9.) Finally, the trial court questioned defendant as to whether he was under the influence of any alcohol, drugs, medication, etc., which would affect his ability to understand what he was doing. (Tr. 9.) The defendant stated he was not under the influence and knew what he was doing. (Tr. 9.) Accordingly, the trial court accepted defendant's pleas of guilty.
 {¶ 32} It is quite clear from this record, defendant knowingly, intelligently and voluntarily pled guilty to the charges against him. Defendant's assertion that his attorney's wife somehow pressured him is simply without merit. Defendant's contention that he pled guilty because he thought he would receive only three years in prison similarly fails in light of the foregoing. Defendant knew exactly what he was doing and knew exactly what type of penalties could be imposed. This is particularly true in light of defendant's unfortunate familiarity with the criminal justice system. Accordingly, defendant's third assignment is overruled.
 {¶ 33} For the foregoing reasons, defendant's first assignment of error is sustained in part and this cause is remanded for purposes of re-sentencing. In all other respects, defendant's first assignment of error is overruled. Defendant's second and third assignments of error are overruled.
Judgment affirmed in part and reversed in part, and
cause remanded with instructions.
BROWN and LAZARUS, JJ., concur.
[1] Defendant claims that he thought he was going to get only three years in jail based on a discussion at the plea hearing. (Tr. 13-14.) The trial court asked the prosecutor how he felt about three years imprisonment and the prosecutor stated "I would object to that. I think you probably need to do a P.S.I. It looks like since 1986 he's been sentenced to incarceration a total of at least 13 times, probably for around 8 to 10 years." Id. at 14. The judge stated "I thought if there was some kind of consent, I would do it. I will order a P.S.I. and set it for October 11th. I'm not going to commit to either of what I will do, but I will give it a fair shot." Id.
[2] Defendant also raises factual issues in this assignment of error. For example, he claims throughout his brief that the crack or powder was never his, only the marijuana was his. Defendant also takes issue with the amount (grams) of crack or powder. However, these factual assertions will be dealt with in the second assignment of error.
[3] It is unclear whether defendant asserts this argument in the first or second assignment of error because there is mention of it in each; therefore, the court will address it under the first assignment of error.
[4] Again, defendant attempts to argue certain factual issues in his third assignment of error, as well as throughout his entire brief. Since the court addressed factual issues in the second assignment of error, the third assignment of error will deal only with whether defendant's guilty plea was knowing and voluntary.